IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00294–MSK-KMT

LEOTIS COMPTON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER**

---

This matter is before the court on the United States of America's ("Defendant") "Unopposed Motion to Stay Discovery and to Covert the Scheduling and Planning Conference to a Status Conference." (Doc. No. 25, filed May 6, 2015.) For the following reasons, Defendant's Motion to Stay is GRANTED in part.

In his Complaint, Plaintiff asserts a negligence claim against Defendant pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b) and §§ 2671-2680,[1] based on an alleged

---

[1] The Complaint, which names Mr. Page as a defendant, does not expressly state that Plaintiff's negligence claim is asserted pursuant to the FTCA. However, after removing this case from Denver District Court, Defendant moved to substitute itself as a defendant for Mr. Page (Doc. No. 12, filed March 31, 2015) and Chief District Judge Marcia S. Krieger granted that motion on April 20, 2015 (Doc. No. 17). Because the FTCA provides that the exclusive remedy for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is a suite against the United States, 28 U.S.C. § 2679(b)(1), Plaintiff's negligence claim necessarily arise under the FTCA.

motor vehicle accident involving Plaintiff and Joseph Page, a Special Agent with the Federal Bureau of Investigations (FBI).

On May 4, 2015, Defendant filed a "Motion for Summary Judgment Based on Plaintiff's Failure to Comply with the Statute of Limitations." (Doc. No. 24.) Defendant argues that the undisputed facts show that Plaintiff's negligence claim is barred by the statute of limitations found at 28 U.S.C. § 2401(b) because Plaintiff failed to file this action within two years after his claim accrued. Defendant's present Motion to Stay seeks to stay all discovery in this action until its Motion for Summary Judgment is ruled upon.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff does not oppose a stay of discovery. As such, the first *String Cheese* factor does not weigh heavily in the court's analysis. Further, the court finds that neither party would be well-served if forced to proceed with discovery before the issue of whether this case is time-barred is resolved.

The court also finds that the third *String Cheese* factor favors a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety as time-barred. *See Nankivil v. Locheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

As to the remaining *String Cheese* factors, neither the internet of nonparties or the public interest in general prompt to court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case.

As a final matter, Defendant requests that the Scheduling Conference set for June 4, 2015 be converted into a Status Conference. However, Defendant does not set forth any reason why a Status Conference might be necessary at this time. Accordingly, the Scheduling Conference will be vacated outright rather than converted into a Status Conference.

Therefore, it is

ORDERED that Defendant's "Unopposed Motion to Stay Discovery and to Covert the Scheduling and Planning Conference to a Status Conference" (Doc. No. 25) is GRANTED in part. All discovery in this matter is hereby STAYED pending ruling on Defendant's Motion for Summary Judgment and the Scheduling Conference set for June 4, 2015 is VACATED. It is further

ORDERED that the parties shall file a Joint Status Report within ten days of ruling on the Motion for Summary Judgment, if any portion of this case remains pending, to advise whether the stay should be lifted and the Scheduling Conference reset.

Dated this 19th day of May, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge